UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KELLYANN A. McKENZIE,

                Plaintiff,                **MEMORANDUM & ORDER**

  -against-                                24-CV-6679 (NRM) (LB)

DR. WAI YEE CHUNG,

                Defendants.
------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

      Plaintiff Kellyann A. McKenzie ("Plaintiff"), proceeding *pro se*, commenced this civil action on August 27, 2024 in the United States District Court for the Southern District of New York. ECF No. 1. The action was transferred to this Court on September 23, 2024. ECF No. 5. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. For the reasons set forth below, if Plaintiff wishes to continue with this lawsuit in federal court, she is directed to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

      The complaint is filed on a form complaint for civil actions. ECF No. 1. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for federal question, but she does not identify any federal constitutional or statutory rights that were violated. *Id.* at 2. Plaintiff asserts that she is a citizen of Massachusetts and that Defendant is a citizen of New York State. Plaintiff also asserts that Defendant Wai Yee Chung is a dentist who practices in Valley Stream, New York. *Id.* at 5. She states that she took her daughter, K.M., for an annual checkup on May 28, 2021. *Id.* at 6. "Plaintiff was told by dentist's hygienist that

daughter had an abscess on her gum. Plaintiff asked dentist Chung repeatedly what to do and dentist Chung told Plaintiff that daughter needed to have tooth removed and referred her to three orthodontists." *Id.* at 6. Plaintiff states that she took her daughter to the emergency room, where she was prescribed amoxicillin. *Id.* at 8. She claims that she was not advised that her daughter take antibiotics which "could have caused Plaintiff's daughter irreversible bodily harm." *Id.* Plaintiff claims that her daughter needed another tooth removed three months later. *Id.* "Plaintiff believes this was also overlooked on the initial x-ray by Dr. Wai Yee Chung." *Id.* at 8-9. Plaintiff claims that this situation caused "irreversible psych trauma[,] aggravation of bi-polar 2 disorder [and] shock that could have cause[d] a heart attack." *Id.* at 6. She seeks $200,000 in damages.

On June 6, 2023, Plaintiff filed a nearly identical lawsuit against the same defendant. *McKenzie v. Chung*, No. 23-CV-4520-NRM-LB (E.D.N.Y. July 20, 2023). In that action, Plaintiff alleged that both Plaintiff and Defendant were citizens of New York. No. 23-CV-4520, ECF No. 1 at 2-3. The Court dismissed the case because Plaintiff's allegations of possible medical malpractice did not implicate any federal law or right. *McKenzie v. Chung*, No. 23-CV-4520-NRM-LB, 2023 WL 4666438, at *2 (E.D.N.Y. July 20, 2023). The Court found that since both Plaintiff and Defendant were alleged to be citizens of New York State, Plaintiff could not rely on diversity of citizenship to assert federal jurisdiction over potential state law claims. *Id.*

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally

2

and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In addition, the party bringing the action must demonstrate that the Court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when a plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability" that the plaintiff actually could get damages greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citations and internal quotation marks omitted);

*see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("[W]ith mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount." (internal alterations and citation omitted)).

## **DISCUSSION**

The only relevant difference between the instant case and Plaintiff's prior case against this same Defendant is that Plaintiff has moved out of state. As before, Plaintiff claims that her lawsuit arises under federal law; however, she still has not identified any federal law or constitutional right related to the allegation of medical malpractice involving her daughter's care. *See, e.g., Obunugafor v. Borchert*, No. 01 Civ. 3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) (holding that plaintiff's claims for medical neglect and failure to diagnose amounted to a claim of negligence or malpractice under state law and did not raise a federal question).

Now that Plaintiff brings this lawsuit from outside New York State, the Court considers whether she can assert diversity jurisdiction over possible state-law claims. Plaintiff claims that she suffered psychological injuries because of her daughter's medical care and she seeks $200,000 in damages.[1] Based on the allegations in the

---

[1] Plaintiff cannot bring claims on behalf of her daughter unless Plaintiff is an attorney admitted to practice in this Court. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558

Complaint, even construed generously, the Court finds that Plaintiff could not plausibly recover that amount. *See Ulmer v. StreetTeam Software, LLC*, 22-cv-5662, 2023 WL 2306020, at *1 (E.D.N.Y. Feb. 28, 2023) ("[T]o invoke diversity jurisdiction, a plaintiff must allege facts sufficient to plausibly show an amount in controversy of more than $75,000." (quotation marks omitted)). Her only claim is that she suffered psychological trauma because of what she says was the poor medical care her daughter received, but she has not pleaded facts sufficient to warrant relief under applicable law, nor to support an award of $75,000 or more in damages even if she were to prevail. For example, under New York state law, "intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). In addition, to state a claim for negligent infliction of emotional distress, a plaintiff must plead a "breach of a duty owed to [the] plaintiff which exposes him or her to an unreasonable risk of bodily injury or death." *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 293 (E.D.N.Y. 2010). *See also Calicchio v. Sachem Central Sch. Dist.*, 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) ("Extreme and outrageous conduct is also an element of negligent infliction of emotional distress."). Here, Plaintiff has not pled facts sufficient to support a claim under either standard. The challenged conduct — informing Plaintiff that her daughter had an urgent dental issue and referring her to providers who could help — does not appear

---

(2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf.").

to be extreme or outrageous and does not suggest that the dentist "inten[ded] to cause" Plaintiff "severe emotional distress." *Bender*, 78 F.3d at 790. The only risk of bodily harm was to Plaintiff's daughter, not to Plaintiff.

"[B]efore determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quotation marks and alterations omitted). Accordingly, the Court will give Plaintiff a chance to explain how her claim for money damages is worth more than $75,000. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks and alterations omitted)).

Should she wish to proceed with this lawsuit, Plaintiff must file an amended complaint that asserts a basis for jurisdiction pursuant to 28 U.S.C. § 1332 by providing the basis for her damages claim. Plaintiff is reminded that an amended complaint completely replaces the original, so Plaintiff must include in the amended complaint all the necessary information to support her claims. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. Civ. P. 12(h)(3). However, Plaintiff is directed to file an amended complaint as described in this Order. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or fails to assert facts to support the Court's subject matter jurisdiction, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

                                                           /s/ NRM
                                                     NINA R. MORRISON
                                                     United States District Judge

Dated:    April 23, 2025
             Brooklyn, New York